UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL J. SEY,** *an individual, et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 3:24-cv-00928-HAB-SLC |
| | ) |
| **THOR MOTOR COACH INC.,** | ) |
| *a Delaware corporation,* | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiffs filed this case in Yolo County Superior Court on June 21, 2024, and Defendant subsequently removed the action to the United States District Court for the Eastern District of California, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). The case was transferred to this Court on November 15, 2024. (ECF 14). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendant's diversity allegations in the notice of removal are lacking in one respect. Defendant recites that it "is informed and believes that Plaintiffs are residents of West Sacramento . . . and a citizen of California." (ECF 1 ¶ 3). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114,

at *1 (N.D. Ill. Oct. 28, 2004).

Therefore, Defendant is AFFORDED to and including December 2, 2024, to file a supplemental jurisdiction statement that adequately alleges Plaintiffs' citizenship. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

As an additional matter, Defendant is ORDERED to file a corporate disclosure statement in compliance with Federal Rule of Civil Procedure 7.1(a) and this Court's General Order 2023-06 on or before December 2, 2024. In turn, Plaintiffs are each ORDERED to file a disclosure statement in compliance with Rule 7.1(a)(2) on or before December 2, 2024.

SO ORDERED.

Entered this 26th day of November 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge